```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

CHENETA L. OLDHAM,

                    Plaintiff,

     -vs-                              **No. 1:16-CV-00320 (MAT)**
                                                 **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.
_____

**I.   Introduction**

Represented by counsel, Cheneta L. Oldham ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

**II.  Procedural History**

The record reveals that in December 2012, plaintiff (d/o/b July 26, 1961) applied for DIB, alleging disability as of January 2010. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge Robert T. Harvey ("the ALJ") on July 17, 2014. The ALJ issued an unfavorable

decision on October 7, 2014. The Appeals Council denied review of that decision and this timely action followed.

**III. The ALJ's Decision**

Initially, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2016. At step one of the five-step sequential evaluation, see 20 C.F.R. § 404.1520, the ALJ determined that plaintiff had not engaged in substantial gainful activity since January 1, 2010, the alleged onset date. At step two, the ALJ found that plaintiff suffered from bilateral carpal tunnel syndrome and hypertension, impairments which the ALJ considered severe. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment.

Before proceeding to step four, the ALJ determined that, considering all of plaintiff's impairments, plaintiff retained the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except that she could not work in an area with unprotected heights; she could not work around heavy, moving, or dangerous machinery; she could not climb ropes, ladders, or scaffolds; she had occasional limitations in the ability to handle, via gross manipulation; and she had occasional limitations in the repetitive use of her hands. At step four, the ALJ found that plaintiff could not perform any past relevant work. At step five, the ALJ found that considering plaintiff's age, education, work experience, and

RFC, jobs existed in the national economy which plaintiff could perform. Accordingly, he found that plaintiff was not disabled.

**IV. Discussion**

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000).

Plaintiff contends that the ALJ erred in determining her RFC without first fully developing the record by obtaining complete medical records and obtaining a treating source opinion regarding her physical work-related limitations. As the ALJ acknowledged in his decision, "the record does not contain any opinions from treating or examining physicians indicating that [plaintiff] [was] disabled or even [had] limitations greater than those determined in [the ALJ's decision]." T. 16. For the reasons discussed below, the Court concludes that the ALJ failed to fully develop the record in this case.

Plaintiff first contends that the ALJ failed to obtain a complete record of plaintiff's medical treatment. In her counseled brief, plaintiff refers to "[p]ages from treatment notes, examination records, and crucial studies . . ., including an upper

3

extremity EMG and NCV [nerve conduction velocity test], which [p]laintiff's hand specialist stated had shown severe pathology, years before." Doc. 8-1 at 21. In a November 2013 treatment note, plaintiff's treating hand specialist Dr. Dale Miller noted that an electrodiagnostic test was performed in 2009. Dr. Wheeler's note makes it clear that this testing indicated to him that plaintiff should undergo surgery, and "[n]ow 4 years later [he] would strongly suggest that she consider surgical intervention . . . rather than continuing injection." T. 269. In his consulting examination, state agency physician Dr. Samuel Balderman noted that, based on his examination, plaintiff had mild limitation in repetitive motor work with the hands, but stated that plaintiff's "nerve conduction studies should be reviewed for clinical correlation." T. 241. As it does appear that those studies are missing from the record, the Court agrees with plaintiff that the medical record was not complete for purposes of evaluation of plaintiff's carpal tunnel syndrome.

As plaintiff points out, an ALJ has a heightened duty to develop the record in the case of a *pro se* plaintiff. See Marshall v. Colvin, 2013 WL 5878112, *10 (W.D.N.Y. Oct. 30, 2013). This heightened duty requires an ALJ to "advise[] [p]laintiff to supplement her medical records with a treating physician's opinion on her functional capabilities or have contacted her treating sources personally to obtain an RFC assessment." Id. ("The ALJ's failure to develop the record with medical opinions from

4

Plaintiff's treating sources undercut his ability to adequately determine Plaintiff's RFC adequately."); see also Echevarria v. Sec'y of Health & Human Servs., 685 F.2d 751, 755 (2d. Cir. 1982) (stating that the ALJ has a heightened duty "to scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts" with pro se claimants) (internal quotation marks omitted); Myers v. Astrue, 2009 WL 2162541, *3 (N.D.N.Y. July 17, 2009)(stating that "it was incumbent upon the ALJ to encourage plaintiff to obtain an opinion from her treating physicians. In the alternative, the ALJ should have attempted to obtain an opinion directly from [her treating physicians]").

Here, although the ALJ advised plaintiff of her right to have an attorney or representative present, and gave her an opportunity to do so, he did not explain to plaintiff the importance of obtaining an opinion from a treating physician. In formulating plaintiff's RFC, the ALJ relied solely on an opinion from one-time consulting examiner Dr. Balderman, instead of obtaining an opinion from plaintiff's treating hand specialist, Dr. Wheeler. Treatment notes from Dr. Wheeler indicate that he treated plaintiff regularly during the relevant time period and that he believed plaintiff's carpal tunnel syndrome required surgery. The ALJ should have explained to plaintiff the importance of obtaining a functional report from Dr. Wheeler, or in the alternative attempted to obtain the opinion directly from Dr. Wheeler.

Accordingly, this case is reversed and remanded for full development of the record. On remand, the ALJ is directed to ensure that the administrative record is complete with regard to plaintiff's treating medical records. The ALJ is also directed to obtain a treating source opinion from Dr. Wheeler regarding plaintiff's functional limitations during the relevant time period. The Court declines to address plaintiff's remaining arguments regarding RFC and credibility, because further development of the record may affect the ALJ's determinations regarding these issues.

## V. Conclusion

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Doc. 10) is denied and plaintiff's motion (Doc. 8) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                            **S/Michael A. Telesca**
                                            HON. MICHAEL A. TELESCA
                                            United States District Judge

Dated:   March 20, 2017
         Rochester, New York.